The opinion of the court was delivered by
Tieghman, C. J.
On the trial of this cause, in the Court of Common Pleas, the counsel for the defendant took eight bills of exceptions, of which the second and sixth have been abandoned. The plaintiff claimed under two warrants, dated the 3d of March, 1763, — one to James Holding, the other, to Timothy M‘Kinly. The defendants claimed uuder two warrants, dated the 6th of September, 1762; the one to Edward Nichols, the other to Joseph Nichols. The plaintiff’s warrants were executed by Richard Tea, deputy surveyor, who had an interest in them; and the defendants alleged that these warrants were fraudulently and surreptitiously obtained.
1. The plaintiff having given in evidence, the surveys made by Tea on his warrants, on the 15th of May, 1765, offered a connected draft of the two surveys in the handwriting of Tea, dated the 18th of May, 1765, without proving that it had ever been in the office of the deputy surveyor of the county, or returned to the surveyor general. The defendants having given in evidence, that Tea was interested in these surveys, objected to the connected draft, but the court admitted it in evidence; and this was the first excep-. *141 tion. The courts of Pennsylvania have been very liberal in receiving, as evidence, papers which have been found in the offices of the deputy surveyors. These papers generally contain memorandums of the original work of the deputy, and often throw light on the survey. It must be confessed, however, that it is a dangerous kind of evidence, and would be liable to great abuse, unless confined to such papers as appear clearly to be official. Whenever it is offered, therefore, the first question is, Where was the paper found? Was it brought from the office of the present deputy, or found among the papers of a deceased deputy? It is not to be admitted, without satisfactory proof of its being official. Now, in the present instance, no good account of the connected draft was given. It was not enough, that it was in the handwriting of Tea; especially as he was interested in the surveys. - He might have made the draft to answer his own purposes, after he had ceased to be in office. It was a case, in which the previous evidence of its being an official paper should have been rigidly insisted on. That previous evidence was not given, and I am therefore of opinion, that the draft should have been rejected.
3. The next exception (the third,) rvas to the court’s opinion, in rejecting the evidence offered by the defendants, of the proceedings of the board of property, on a caveat by Dr. William Smith against Charles Cox, commonly called Barnaby Barnes’s case. This evidence was rejected, as irrelevant to the matter in issue, and, I think, properly rejected. It had no relation to the cause which was trying, and although offered under pretence of proving the custom of the land office, appears, in fact, to have been an attack upon the case of Barnaby Barnes, as reported by Mr. Smith, in his edition of the laws of Pennsylvania.
4. The fourth exception, was to the rejection of a copy of the records of the land office, from the warrant book blotter, head, “ Old Purchase,” certified to be a true copy, the 14th of February, 1823; and the copy from the warrant book T. 4th of February, 1755, mentioned in the bill of exceptions, No. 4. This evidence was offered by the defendants, in order to prove the custom of the land office, and to show that the warrants to James Holding and Timothy M‘Kinley, were fraudulently obtained by Richard Tea. If the evidence had this tendency, it ought to have been admitted, because the fraud in obtaining these warrants was one of the defendant’s main points. Now, it appears by an inspection of the rejected records, that twenty-six warrants were issued in the year 1755, and there was a mark on the record of each warrant, showing that five shillings were paid, on the entry. If the plaintiff could not show a similar entry and mark on his warrants, it was some proof that the regular course had not been pursued. It is objected, that there will be no end to the trial of causes, if evidence, of this kind is admitted. But that is no reason for-rejecting it. I know of no better way of proving the custom of the land office, *142 than by showing what has been done in a number of particular cases. And it is not often that much time will be consumed by evidence of this kind. It is not to be procured without considerable expcuse, and therefore will not be resorted to but in case of necessity. Be that as it may, it is the right of the party to offer it; and I am of opinion, that in the case before us there was error in the rejection of it.
5. The defendants next offered in evidence, a copy from the warrant book, blotter, 1776, which was rejected. This evidence was of a nature similar to that mentioned in the bill of exceptions, No. 4, and therefore ought to have been admitted. The defendants also offered the copy of a warrant to Samuel Purviance. It does not appear that this warrant had any relation to the present cause. It was therefore rejected, and rightly-
7. The seventh exception, was to the rejection of the official drafts of survey, by John Canan, deputy surveyor, on the warrants of Joseph and Edward Nichols. These surveys were not returned and accepted, until after the commencement of this suit, and for that reason were rejected. The surveys only, and not the acceptance, were offered in evidence. I do not see how this evidence could ¡have been material to the defendants, because the plaintiff could not recover, unless he showed good title in himself prior to the commencement of this suit; and the title which he had shown, such as it was, was long prior to the time of making these surveys. Nevertheless, as the surveys were made before the commencement of the suit, they were evidence. If surveys had been returned on these two warrants, by another surveyor, before those by Canan, it would have been improper in Canan to make these, without a special order, and, if made, they would have been of no validity till acceptance. But, under the circumstances of the case, there was no impropriety in the execution of the warrants by Canan, on the 19th of January, ISO2, and I am of opinion they ought to have been received in evidence.
S. The eighth and last exception, was to the rejection of parol evidence, offered by the defendants, of the character of Richard Tea. The court was right in the rejection of this evidence. Tea was not a witness in the cause. If he had been, his character might have been inquired into. But the title of the plaintiff was not to be injured by the character of the deputy surveyor, even though he claimed under him. Matters of property are not to be decided by the character of the parties. In criminal cases, the defendant is permitted to give evidence of his own good character, and, if he does, he may be contradicted by evidence on the part of the prosecution. But, in civil actions, evidence of character is not permitted, except in certain actions, where, from the nature of the case, the plaintiff'puts his character in issue.
Upon the whole, then, I am of opinion, that the judgment should be reversed, and a venire de vovo a warded.
Judgment reversed, and a venire facias de novo awarded.